PEOPLE, PLAINTIFF AND APPELLEE, *v.* VILLAVEITÍA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Assault.

No. 1259.—Decided June 3, 1918.

JUDGMENT—FINE—ALTERNATIVE IMPRISONMENT.—In executing judgments of the municipal courts as well as of the district courts, alternative imprisonment in default of the payment of a fine should be imposed at the rate of one day for each dollar not paid, the total imprisonment not to exceed ninety days.

The facts are stated in the opinion.

*Mr. Luis Pereyó* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by Juan Villaveitía from a judgment of the District Court of Humacao of February 25, 1918, convicting him of assault and sentencing him to pay a fine of $200, or in default thereof to be imprisoned in jail one day for each two dollars not paid, with the costs.

The appellant did not appear at the hearing on the appeal and the prosecuting attorney moved for the affirmance of the judgment on the ground that no fundamental error was committed which would justify its reversal.

The judgment shows on its face that section 54 of the Code of Criminal Procedure, as amended by Act No. 11 of April 8, 1916, was not applied.

That section reads as follows:

"That whenever in any court a sentence rendered against a defendant adjudges that he pay a fine, and such fine be not immediately paid, the defendant shall be committed to jail for such non-payment and shall remain confined for a term of one day for each dollar of the fine remaining unpaid. Where, after imprisonment for non-payment of a fine has begun, it is desired to pay the fine, credit shall be given in the payment for one dollar for each day served for non-payment. The total imprisonment for non-payment of fine shall not exceed ninety days."

According to sections 54 and 322 of the Code of Criminal Procedure, the alternative imprisonment to which a municipal court could sentence a defendant for default in the payment of a fine and the costs was required to be imposed at the rate of one day for each fifty cents of the fine and costs not paid, and no discretion was given to said court to reduce that term of imprisonment; but the district courts were empowered to impose imprisonment in default of payment of the fine of not more than one day for each dollar not paid, albeit the term of imprisonment might be less, for although the minimum term of imprisonment was one day for each dollar not paid, the maximum term was left to the wise and sound discretion of the court. *People* v. *Torres,* 13 P. R. R. 201, and *People* v. *Díaz,* 16 P. R. R. 784.

Although said Act No. 11 of 1916 was enacted, according to its title, to amend section 54 of the Code of Criminal Procedure, approved March 1, 1902, and for other purposes, the provisions of section 54 amended refer to "any court which may sentence a defendant to the payment of a fine," making no distinction between municipal courts and district courts; therefore, the said act amended not only section 54 but also section 322 of the Code of Criminal Procedure in so far as

said sections were in conflict with the act, for section 3 of the act provides that all laws or parts of laws in conflict therewith are repealed.

Hence, we are of the opinion that in the execution of judgments of both municipal and district courts the alternative imprisonment in default of the payment of a fine, in cases like the present, should be imposed at the rate of one day for each dollar not paid, and that the total term of imprisonment should not exceed ninety days.

The judgment appealed from should be affirmed, but modified in the sense that appellant Villaveitía, in default of payment of the fine of $200, shall be imprisoned in jail one day for each dollar not paid, and that such imprisonment shall not exceed ninety days.

*Modified and affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.